RIVERA, DEMANDANTE Y APELADO, *v.* MARTÍNEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre daños y perjuicios.

No. 2067.—Resuelto en junio 27, 1919.

APELACIÓN—EXPOSICIÓN DEL CASO—PLIEGO DE EXCEPCIONES—NEGLIGENCIA INEXCUSABLE.—En este caso el apelante solicitó permiso para presentar una exposición del caso y pliego de excepciones enmendados después de haber transcurrido más de un año desde el día en que la corte dió por descartada la primitiva exposición del caso y ordenó al apelante la presentación de otro nuevo dentro de los 10 días que al efecto le concedió. *Se resolvió:* que el apelante fué negligente en la presentación de su apelación y que no le excusaba el haber confiado que se le oyera en la apelación interpuesta conjuntamente por su contrario para ante el Tribunal Supremo.

DESESTIMACIÓN DE APELACIÓN—RADICACIÓN DE LA TRANSCRIPCIÓN DE AUTOS.—
Cuando no se radica la transcripción de autos dentro del término legal, se
desestimará la apelación.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *Víctor P. Martínez.*

Abogado del apelado: Sr. *Luis Llorens Torres.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal

Después de varias suspensiones anteriores la Corte de
Distrito de Aguadilla señaló el día 20 de diciembre de 1917,
para oír a las partes respecto a la cuestión relativa a la apro-
bación de una exposición del caso y pliego de excepciones.
Ambas partes comparecieron ese día y resolviendo la corte
una moción del apelado el caso fué suspendido otra vez para
el día 22 de diciembre. La acción de la corte al suspender
el caso por dos días más a instancia del apelado no podía
ser considerada como un abuso de discreción aun cuando las
excusas presentadas por el apelado no hubieran estado bien
fundadas y esto es particularmente así a falta de alguna de-
mostración de cómo fué perjudicado el apelante.

El día señalado para la vista, o sea el 22 de diciembre,
1917 el apelante a pesar de haber sido debidamente notifi-
cado no compareció y la corte dictó una resolución en la que
expresaba que el apelado solicitó que la exposición del caso
y pliego de excepciones fueran reformados por no estar de
acuerdo con las notas taquigráficas, concediendo al apelante
el término de diez días para presentar un nuevo pliego de
excepciones y exposición del caso. El apelante fué debida-
mente notificado de esta resolución como aparece de los autos
pero nada hizo por cumplir con ella. El apelado ha soli-
citado la desestimación de la apelación.

El apelante después de objetar frívolamente que la reso-
lución de diciembre 22 no está firmada insiste en el hecho
de que el apelado estaba en el deber de presentar enmiendas
a la exposición y pliego y notificarlas al apelante. Era, sin
embargo, el deber del apelante comparecer a la vista seña-
lada para el 22 de diciembre de 1917. Surge la presunción

de que el apelado pudo demostrar a la corte que la exposición del caso y pliego de excepciones no era una transcripción fiel de las manifestaciones hechas por los testigos en el acto del juicio y que el documento eran tan defectuoso que el apelante estaba en el deber de preparar otro. Cierto es que la resolución meramente expone en efecto que la exposición del caso y pliego de excepciones no se ajustan a las a las notas taquigráficas pero es de presumirse que dichas notas taquigráficas se encontraban ante la corte. Independientemente de las notas taquigráficas es de suponerse que la corte sabría si la exposición del caso y pliego de excepciones eran tan defectuosos que se hacía necesaria la radicación de uno nuevo.

Hemos dicho que desde el día 22 de diciembre de 1917, el apelante nada hizo por acelerar el caso. El día 28 de diciembre de 1918, el apelante, sin embargo, radicó una moción en la corte de distrito para que se le permitiera presentar una exposición del caso y pliego de excepciones enmendados moción que fué denegada por la corte debido a la negligencia del apelante y porque de los autos aparecía que el apelante había confiado en que se le oyera en la apelación interpuesta por su contrario en esta corte, que había hecho alegaciones en esta apelación y que esta corte las había tomado en consideración.

Es evidente que él no hizo nada por acelerar su propia apelación pues confiaba en la otra apelación interpuesta por su adversario. Legalmente, sin embargo no prosiguió su apelación, deber que tienen los apelantes y la corte inferior estuvo justificada al negarse a conceder permiso para radicar una nueva exposición del caso y pliego de excepciones.

No habiendo sido radicada la transcripción de autos dentro del término legal, debe desestimarse la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.